**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for JOHN RODGERS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RODGERS, <br><br> Plaintiff, <br><br> NEWPARK MALL, LP, a Delaware limited partnership; BROOKFIELD PROPERTIES RETAIL INC., a Delaware corporation; BURLINGTON COAT FACTORY OF TEXAS, INC., a Florida corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 19-7837 <br><br> *Civil Rights* <br><br> **PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br><br> **DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is a civil rights action for disability discrimination by Defendants NEWPARK MALL, LP, a Delaware limited partnership; BROOKFIELD PROPERTIES RETAIL INC., a Delaware corporation; BURLINGTON COAT FACTORY OF TEXAS, INC., a Florida corporation; and DOES 1-10, inclusive, (collectively "Defendants") against Plaintiff JOHN RODGERS ("Plaintiff") who is a person with physical disabilities. Plaintiff alleges that Defendants failed to remove architectural barriers at Defendants' business establishment commonly known as Newpark Mall and Burlington Coat Factory, and their related facilities, which are a place of "public accommodation" and/or a "public facility," thereby discriminatorily denying Plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990 and supplemental state law claims.

2. Plaintiff is a person with physical disabilities who on or about August 30, 2019, was an invitee, guest, patron, customer at Defendants' public accommodation in Newark, CA. At said time and place, Defendants failed to provide proper legal access to their public accommodation. The denial of access was in violation of both federal and California legal requirements, and Plaintiff suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of the Unruh Act, Cal. Civ. Code § 51 et seq., and the Disabled Persons Act, Cal. Civ. Code § 54 et seq.

## III. VENUE

4. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in Newark, California and that Plaintiff's causes of action arose in this county.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## IV. INTRADISTRICT ASSIGNMENT

5. This case should be assigned to the Oakland/San Francisco intradistrict as the property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## V. PARTIES

6. Plaintiff is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff is a paraplegic due to a severe spinal cord injury suffered in a shooting incident over twenty years ago. Plaintiff is unable to independently stand or walk and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disabilities, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California and is a lifetime resident of Richmond, California.

7. Consequently, Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

8. On information and belief, Defendants NEWPARK MALL, LP, a Delaware limited partnership; BROOKFIELD PROPERTIES RETAIL INC., a Delaware corporation; BURLINGTON COAT FACTORY OF TEXAS, INC., a Florida corporation; and DOES 1-10, inclusive, are owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots, and/or portions thereof located at or around 300 Newpark Mall Newark, CA 94560 (collectively, the "Subject Property").

9. The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 10 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser,

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## VI. PRELIMINARY FACTUAL ALLEGATIONS

10. The Subject Property, its parking lot, entrance, customer restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the Subject Property and each of its facilities, its entrance and customer restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG)/Americans with Disabilities Act Standards (ADAS), and the California Building Code.

11. At all times prior thereto, Defendants and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and was aware that the Subject Property was not accessible to the disabled public. Nevertheless, Defendants and each of them, operated the Subject Property as though it was accessible.

12. At all times stated herein, Defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation. In that regard, Defendants could have but did not avail

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

13. At all times referred to herein and continuing to the present time, Defendants, and each of them, advertised, publicized and held out that the Subject Property as being disabled accessible and disabled usable.

14. Plaintiff was an invitee and guest at the Subject Property on August 30, 2019. During this visit Plaintiff was denied full and equal access to Defendants' goods and services due to the presence of barriers, structural in nature. Namely, the curb ramp in the Subject Property's parking lot was steep and had flared sides. This is a tipping hazard for wheelchair users, including Plaintiff. Also, the entry doors were too heavy for Plaintiff to operate with ease and Plaintiff struggled to enter inside of the Subject Property with ease. Plaintiff suffered difficulties discomfort and/or embarrassment as a result of the aforementioned experience. Plaintiff has been deterred from returning to the Subject Property as a result of his experience on August 30, 2019 at the Subject Property.

15. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Subject Property. While he could not make detailed measurements, he determined that the Subject Property was also inaccessible in multiple other ways, including, but not limited to, the following:

- ADA parking is short when square (all of them)
- ADA parking striping over 36 inches between stripes
- Two curb ramps from center parking to Burlington:
  - Steep
  - Flared sides steep
  - Transition from curb to street is not smooth
  - Path of travel from center parking has cross slopes over 2%
- Must roll behind parked cars on ADA parking
- No path of travel from ADA parking in front of Burlington
- Front door heavy
- Front door fast closing

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

- Coat hanger in bathroom stall high
- Door handle in bathroom stall does not provide grip clearance
- Knee space at sink is less than 29"
- Bathroom door heavy
- Bathroom door fast closing
- Bathroom door does not provide proper signage
- No visible access between first floor and second floor, only escalators
- Shopping center entrance number 4 by Burlington has an automatic door opener yet
  - No safety sign on swinging door
  - ISA on activators completely faded.

16. At all times stated herein, it was "readily achievable" for Defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that Defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.

17. Said architectural barriers as stated herein deprived Plaintiff the same full and equal access that a non-wheelchair user/non-disabled person would enjoy while engaging in the goods, services and opportunities offered at the Subject Property.

18. At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

19. At all times stated herein, Defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent Plaintiff from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

20. As a result of the denial of equal access to the Subject Property due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining the Subject Property, Plaintiff suffered violations of his civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21. Construction alterations, if any, carried out by Defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

22. Defendants may have intentionally undertaken to modify and alter existing building(s) and may have failed to make them comply with accessibility requirements under the requirements of ADAAG/ADAS and California Building Code.

23. Plaintiff would, could, and will return to the subject public accommodation when it is made accessible to persons with disabilities.

24. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's CASp-certified access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

## VII. CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**(AGAINST ALL DEFENDANTS AND EACH OF THEM)**

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 24 of this complaint.

26. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

27. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

28. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title are sales and rental establishments and shopping centers. 42 U.S.C. §12181(7)(E).

29. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

30. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

31. The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the Subject Property pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

32. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that Plaintiff complains of herein were and are "readily achievable" by Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods which were readily achievable.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

33.     On information and belief, construction work on, and modifications of, the subject building(s) of the Subject Property occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

34.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), since Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that Plaintiff is about to be subjected to discrimination in violation of §302.

35.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
**(CALIFORNIA DISABLED PERSONS ACT)**
**(AGAINST ALL DEFENDANTS AND EACH OF THEM)**

36.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 35 of this complaint.

37.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities … have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

38.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

39. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

40. Plaintiff John Rodgers is "an individual with disabilities" as within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by Defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which Defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

41. Plaintiff has been and continues to be denied full and equal access to the Subject Property. As a legal result, Plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or has been deterred from visiting the Subject Property because of his knowledge and belief that the Subject Property is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than …one thousand dollars ($1,000) and … attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.
>
> Civil Code §54.3(a)

42. On or about August 30, 2019, Plaintiff suffered violations of Civil Code §§54 and 54.1 in that Plaintiff each was denied access to the Subject Property and on the basis that Plaintiff is a person with physical disabilities.

43. As a result of the denial of equal access to the Subject Property due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining th Subject Property, Plaintiff suffered violations of his civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

44. Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damage as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

45. Plaintiff has been damaged by Defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each Plaintiff's rights as a person or an entity that represents persons with physical disabilities on August 30, 2019, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

46. As a result of Defendants', and each of their, acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.

47. Pursuant to the provisions of Civil Code §54.3, Plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to

Plaintiff, but also to compel Defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

## THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
### (AGAINST ALL DEFENDANTS AND EACH OF THEM)

48. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint.

49. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

50. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

51. On information and belief, portions of the Subject Property and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Subject Property and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Subject Property to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

52. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the Subject Property and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

53. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

54. The Subject Property is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

55. As a result of the actions and failure to act of Defendants, and as a result of the failure to provide proper and legally disabled-accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

56. Attorneys' Fees — As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action in Plaintiff's own interest and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, Plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party

57. Plaintiff seeks injunctive relief for an order compelling Defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

disabilities.

### FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ*. (THE UNRUH CIVIL RIGHTS ACT)

### (AGAINST ALL DEFENDANTS AND EACH OF THEM)

58. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act. All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or disability.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure … nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other … laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

60. As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of Defendants, as reasonable and prudent public accommodations, in acting

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendants, and each of them.

61.  The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure … nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

62.  Defendants' acts and omissions as specified have denied Plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act as if repled herein.

63.  As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff suffered violations of his civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

64.  Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damage as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

65.    Plaintiff is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

### DEMAND FOR JUDGMENT FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to physically disabled persons and issue a preliminary and permanent injunction directing Defendants to provide and *maintain* facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. A declaration that Defendants are in violation of Title III of the Americans with Disabilities Act;

4. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291; and

8. Grant such other and further relief as this Court may deem just and proper.

Dated: November 30, 2019     */s/ Irene Karbelashvili*
                             Irene Karbelashvili, Attorney for Plaintiff John Rodgers

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: November 30, 2019     */s/ Irene Karbelashvili*
                             Irene Karbelashvili, Attorney for Plaintiff John Rodgers